COMMONWEALTH *vs.* RICHARD T. ALSTON. December 7, 1971. Alston was found guilty by a jury on indictments charging him with assault and battery by means of a dangerous weapon upon one Griffin and upon one Adams. The case is before us on Alston's bill of exceptions. The only exceptions argued before us concern the exclusion of several questions directed to witnesses by defence counsel. Alston argues that some of these questions were admissible upon the issue of self-defence. In particular, he argues that they were relevant to show his apprehensive mental state concerning Griffin, before and during the incidents involved in the indictments. *Commonwealth* v. *Crowley*, 165 Mass. 569. *Commonwealth* v. *Tircinski*, 189 Mass. 257. See *Commonwealth* v. *Trefethen*, 157 Mass. 180; *Commonwealth* v. *DelValle*, 351 Mass. 489, 491–495. There was no error, since the answers sought by the excluded questions were merely cumulative of other testimony. Questions were excluded which asked of two different witnesses if they had observed upon Alston's person certain wounds, which allegedly had been caused prior to the incidents involved here

---

[1] Pasquale C. Bandanza.

by the alleged victim Griffin. However, testimony as to these precise wounds was received in evidence at two other times, including the testimony of a nurse who attended to Alston after his arrest. Several other questions were excluded which sought to elicit testimony that Alston had stated that his purpose in being at the scene was only to collect $15 from one Donna Lewis, one of the persons present at the altercation. However, Adams later testified that Alston had told him that he did not want any trouble but wanted to speak to Donna Lewis. Further arguments of the defence as to claimed exclusions of evidence are not borne out by the record. The arguments are premised upon a lengthy offer of proof, which was largely nonresponsive to the questions at issue, rather than upon any questions which were excluded. We do not reach the further argument of the Commonwealth that the excluded questions purportedly concerned with self-defence were not admissible because the evidence did not warrant a conclusion that Alston acted in self-defence.

*Judgments affirmed.*

·The case was submitted on briefs.
*Reuben Goodman & Mary C. Kingsley* for the defendant.
*Garrett H. Byrne,* District Attorney, for the Commonwealth.